UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
SMART BALANCE, INC. f/k/a Boulder Specialty     :
Inc., a Delaware Corporation,                                     :
                                                      Plaintiff,     :
                                                              :
      - against -                                                          :      **Civil Action No.:**
                                                              :      **07 Civ. 9916 (CM)**
GLENHILL CAPITAL OVERSEAS MASTER             :
FUND L.P., a foreign Limited Partnership; GLENHILL    :      **ANSWER AND**
CAPITAL L.P., a Delaware Limited Partnership;    :      **AFFIRMATIVE DEFENSES**
GLENHILL CAPITAL OVERSEAS GP LTD., a foreign :
company; GLENHILL CAPITAL MANAGEMENT, LLC, :
a Delaware Limited Liability Company; GLENHILL    :
ADVISORS, LLC, a Delaware Limited Liability Company;:
GLENN J. KREVLIN, an individual,                        :
                                                              :
                                   Defendants,     :
                                                               :
-------------------------------------------------------------------------x

      Defendants, Glenhill Capital Overseas Master Fund L.P., Glenhill Capital L.P., Glenhill Capital Overseas GP Ltd., Glenhill Capital Management, LLC, Glenhill Advisors, LLC, and Glenn J. Krevlin, (jointly "Defendants"), by its attorneys Cahill/Wink LLP, hereby answer the Complaint filed herein by Plaintiff Smart Balance, Inc., as follows:

    1.    Defendants admit Plaintiff is a Delaware Corporation and are without knowledge or information sufficient to form a belief as to the remainder of allegations in Paragraph 1.

    2.    Defendants admit the first sentence of Paragraph 2. The allegations in the second sentence of Paragraph 2 are vague legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Glenhill Capital

        Overseas Master Fund L.P. ever owned or had a beneficial interest, for Section 16(b) liability purposes, of 10% or more of the issued and outstanding common stock of Smart Balance.

3.      Defendants admit Paragraph 3.

4.      Defendants admit the first sentence of Paragraph 4. The allegations in the second sentence of Paragraph 4 are vague legal conclusions to which no response is required. To the extent a response is required, Defendants admit Glenhill Capital L.P. ("Glenhill Capital"), during the time relevant to the Complaint, owned more than 10% of the Plaintiff's issued and outstanding common stock.

5.      Defendants admit Paragraph 5.

6.      Defendants admit Paragraph 6.

7.      Defendants admit Paragraph 7.

8.      Defendants admit that Plaintiff have brought this action for the relief described in the Complaint and pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended, (the "Act"), but deny the remainder of Paragraph 8.

9. The allegations in Paragraph 9 are legal conclusions to which no response is required.

10. The allegations in Paragraph 10 are legal conclusions to which no response is required.

11. The allegations in Paragraph 11 are legal conclusions to which no response is required.

12. The allegations in Paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13 and note that the allegations contain legal conclusions to which no response is required, but admit that Defendants Glenhill Capital and Glenhill Capital Overseas Master Fund, L.P. ("Glenhill Overseas Fund") had direct pecuniary interests in certain equity securities of Smart Balance before, on and after May 21, 2007 and September 7, 2007.

14. Defendants admit that Glenhill Overseas Fund acquired 240,281 shares of SMBL Common Stock and 199,167 shares of SMBL Preferred Stock and that the acquisition was reflected in a Form 4 filing on May 24, 2007. Defendants deny the remainder of Paragraph 14.

15. Defendants admit that Glenhill Capital acquired 429, 960 shares of SMBL Common Stock and 199,167 shares of SMBL Preferred Stock and that the acquisition was reflected in a Form 4 filing on May 24, 2007.  Defendants deny the remainder of Paragraph 15.

16. Defendants admit that on or about May 21, 2007 Glenhill Overseas Funds and Glenhill Capital paid $7.46 for each share of SMBL Common Stock but deny that the "purchase," for purposes of Section 16(b) liability, occurred on that date.

17. Defendants deny that Glenhill Overseas Fund and Glenhill Capital purchased, as that term is interpreted under Section 16(b) of the Act, the SMBL Preferred Stock on May 21, 2007, but admit the remainder of the allegations in Paragraph 17.

18. The allegations in Paragraph 18 are vague legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that prior to May 21, 2007, Glenhill Capital had direct pecuniary interests of more than 10% of Smart Balance's issued and outstanding common stock but deny the remainder of Paragraph 18.

19. Defendants admit Paragraph 19.

20. Defendants deny Paragraph 20, except admit that on September 7, 2007, Glenhill Overseas Fund and Glenhill Capital sold a combined 1,100,000 shares of SMBL common stock, on NASDAQ, that 1,000,000 shares sold for $10.65 and 100,000

sold for $10.6505, that of the 1,100,000 Glenhill Overseas Fund sold 420,419 and Glenhill Capital sold 679,581 and Defendants admit that a Form 4 was filed on September 11, 2007.

21. The allegations in Paragraph 21 are vague legal conclusions to which no response is required. To the extent a response is required, Defendants admit that after the September 7, 2007 sale, Glenhill Capital had direct pecuniary interests of more than 10% of Smart Balance's issued and outstanding common stock but deny the remainder of Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants restate their responses to Paragraphs 1 through 22 as if set forth herein.

24. Defendants deny the allegations in paragraph 24 but admit that the September 7, 2007 sale yielded a profit to those Defendants with a direct pecuniary interest.

25. Defendants deny the allegations in Paragraph 25.

26. The allegations in Paragraph 26 are legal conclusions to which no response is required.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted including failure to plead against all Defendants, all of the essential elements for short swing liability under Section 16 of the Securities Exchange Act of 1934, 15 U.S.C. 78p, and the rules promulgated by the Securities and Exchange Commission thereunder.

## SECOND AFFIRMATIVE DEFENSE

The transactions at issue do not satisfy the requisite elements of Section 16(b) of the Act as they did not involve a "purchase," as that term is understood under Section 16(b), and a "sale" within the requisite time frame.

## THIRD AFFIRMATIVE DEFENSE

The complaint fails to satisfy the requisite elements of Section 16(b) of the Act because, *inter alia*, the alleged May 2007 acquisition of shares was exempt from Section 16(b) pursuant to Rule 16b-6(b) as the transaction was effectively the closing of a derivative security position.

## FOURTH AFFIRMATIVE DEFENSE

The Defendants (with the exception of Glenhill Capital) had insufficient pecuniary interest in the relevant security for liability to be imposed upon them pursuant to Section 16(b) of the Act and the rules promulgated thereunder.

## **FIFTH AFFIRMATIVE DEFENSE**

Even if somehow the transactions might otherwise appear to be within the purview of Section 16, the transactions are subject to the pragmatic or unorthodox exception to Section 16 of the Act.

WHEREFORE, Defendants respectfully demand judgment

a) Dismissing the Complaint with Prejudice;

b) Awarding Defendants their costs; and

c) Granting such other and further relief as the Court may deem just and proper.

Dated:  January 4, 2008                                                            CAHILL/WINK LLP

By:  s/Daniel S. Cahill
DANIEL S. CAHILL (DC-5593)
60 Railroad Place, Suite 202
Saratoga Springs, NY 12866
TEL:  (518) 584-1991
FAX:  (518) 584-1962
dan.cahill@cahillwink.com

***ATTORNEYS FOR DEFENDANTS GLENHILL CAPITAL OVERSEAS MASTER FUND, L.P.; GLENHILL CAPITAL L.P.; GLENHILL CAPITAL OVERSEAS GP LTD.; GLENHILL CAPITAL MANAGEMENT, LLC; GLENHILL ADVISORS, LLC; GLENN J. KREVLIN***