/McMahon/

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/2/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SMART BALANCE, INC. f/k/a Boulder
Specialty Brands, Inc., a Delaware corporation,

    Plaintiff

    v.

GLENHILL CAPITAL OVERSEAS
MASTER FUND, LP, a foreign limited
partnership; GLENHILL CAPITAL, LP; a
Delaware limited partnership; GLENHILL
CAPITAL OVERSEAS GP, LTD., a foreign
company; GLENHILL CAPITAL
MANAGEMENT LLC, a Delaware limited
liability company; GLENHILL ADVISORS
LLC, a Delaware limited liability company;
GLENN J. KREVLIN, an individual,

    Defendant.

---

Civil Action No.
07 Civ. 9916 (CM)

STIPULATED ORDER
OF DISMISSAL WITH PREJUDICE

    WHEREAS on November 9, 2007, Smart Balance, Inc. ("Plaintiff") filed suit against Glenhill Capital Overseas Master Fund, LP, Glenhill Capital, LP, Glenhill Capital Overseas GP, Ltd., Glenhill Capital Management LLC, Glenhill Advisors LLC, and Glenn J. Krevlin (collectively, the "Glenhill Defendants" or the "Group Members") seeking to recover approximately $2.75 million in disgorgeable profits realized by those defendants from an alleged violation of Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), ("Section 16(b)") (the "Litigation"). (Docket Entry Number 1);

    WHEREAS following the exchange of initial disclosures, written discovery, document production, the submittal of Plaintiff's Expert Report, and numerous voluntarily efforts to settle this matter, the Parties have arrived at a consensual resolution of this matter upon

the terms set forth in the Settlement Agreement and Limited Release dated June 23, 2008 (the "Settlement Agreement"), a copy of which is attached hereto as Exhibit A; and

WHEREAS the parties have agreed to comply with their respective obligations thereunder;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiff and the Glenhill Defendants and ORDERED by the Court, that the Complaint is hereby dismissed with prejudice and without costs to either party.

CAHILL/WINK LLP

By: _____
Daniel S. Cahill (DC-5593)

60 Railroad Place, Suite 202
Saratoga Springs, NY 12866
Tel.:518.584.1991
Fax.:518.584.1962

Attorneys for Defendants

July 1st, 2008

FOLEY & LARDNER LLP

By: _____
Scott D. Richburg (admitted *pro hac vice*)

One Independent Drive, Suite 1300,
Jacksonville, Florida 32202-5017
Tel: 904.359.8743
Fax: 904.359.8700

Seth L. Levine (SL-8656)
Anne B. Sekel (AS 1029)

90 Park Avenue
New York, New York 10016
Tel: 212.682.7474
Fax: 212-687-2329

Attorneys for Plaintiff

July 1st, 2008

SO ORDERED:

By: _____
Hon. Colleen McMahon
United States District Judge

Dated: 2 July, 2008

**EXHIBIT A**

## SETTLEMENT AGREEMENT
## AND LIMITED RELEASE

THIS SETTLEMENT AGREEMENT AND LIMITED RELEASE (the "Agreement") is made and entered into by and between SMART BALANCE, INC. f/k/a Boulder Specialty Brands, Inc., a Delaware corporation ("Smart Balance" or "SMBL") and GLENHILL CAPITAL OVERSEAS MASTER FUND, LP, a foreign limited partnership; GLENHILL CAPITAL, LP; a Delaware limited partnership; GLENHILL CAPITAL OVERSEAS GP, LTD., a foreign company; GLENHILL CAPITAL MANAGEMENT LLC, a Delaware limited liability company; GLENHILL ADVISORS LLC, a Delaware limited liability company; GLENN J. KREVLIN, an individual (collectively, the "Glenhill Defendants" or the "Group Members"). Smart Balance and the Glenhill Defendants are collectively referred to as the "Parties."

### WITNESSETH

WHEREAS, Smart Balance is a Delaware corporation with its principal place of business at 115 West Century Road - Suite 260, Paramus, New Jersey 07652-1432.

WHEREAS, Defendant Glenhill Capital Overseas Master Fund, LP ("Glenhill Overseas Fund") is a Cayman Islands registered entity.

WHEREAS, Defendant Glenhill Capital Overseas GP, Ltd. ("Overseas Fund GP") is a Cayman Islands registered entity and is the general partner of Glenhill Overseas Fund.

WHEREAS, Defendant Glenhill Capital LP ("Glenhill Capital") is a Delaware limited partnership.

WHEREAS, Defendant Glenhill Capital Management LLC ("Capital Management") is a Delaware limited liability company and is the general partner and investment advisor of Glenhill Capital.

1

JACK_1305778.5

WHEREAS, Defendant Glenhill Advisors LLC ("Glenhill Advisors") is a Delaware limited liability company and is the managing member of Capital Management.

WHEREAS, Defendant Glenn J. Krevlin ("Krevlin") was the managing member and control person of Glenhill Advisors.

WHEREAS, Smart Balance contends the Glenhill Defendants constitute a group under §§ 13(d)(3) and 16(b) of the Exchange Act. The Glenhill Defendants deny that they constitute a group under the Exchange Act or otherwise.

WHEREAS, Smart Balance contends that on May 21, 2007, Glenhill Overseas Fund acquired by purchase 240,281 shares of SMBL Common Stock and 199,167 shares of SMBL Preferred Stock. This acquisition was reflected in a Form 4 filing by the Group Members on May 24, 2007.

WHEREAS, Smart Balance contends that on May 21, 2007, Glenhill Capital acquired by purchase 429,960 shares of SMBL Common Stock and 356,389 shares of SMBL Preferred Stock. This acquisition was reflected in a Form 4 filing by the Group Members on May 24, 2007 (the 670,241 shares of SMBL Common Stock and the 555,556 shares of SMBL Preferred Stock acquired by Glenhill Capital and Glenhill Overseas Fund are defined herein as the "Acquired Shares").

WHEREAS, on May 21, 2007, Glenhill Overseas Fund and Glenhill Capital paid $7.46 per share for each share of SMBL Common Stock purchased.

WHEREAS, the SMBL Preferred Stock purchased by Glenhill Overseas Fund and Glenhill Capital was convertible at any time, at the option of the holder, into the number of shares of SMBL Common Stock arrived at by dividing $9.00 per share (which was the initial conversion price) into the per share liquidation preference of $9.00 per share, plus accrued but

2

unpaid dividends. Thus, as of May 21, 2007, the Preferred Stock of SMBL was convertible into the Common Stock of SMBL on a one-for-one basis.

WHEREAS, the Glenhill Defendants contend the "purchase" of the Acquired Shares, for purposes of § 16(b) liability, occurred on September 25, 2006 (the date a fixed price, securities purchase agreement was entered into between the parties) and the May 21, 2007 events were exempt closings of a call equivalent, derivative position with no possibility of speculative abuse.

WHEREAS, on September 7, 2007, Glenhill Overseas Fund and Glenhill Capital sold 1,100,00 shares of SMBL Common Stock on the Nasdaq Global Market. 1,000,000 of the shares were sold for $10.65 and 100,000 were sold for $10.6505 (the "September Sales").

WHEREAS, of the 1,100,000 shares sold, Glenhill Overseas Fund sold 420,419 and Glenhill Capital sold 679,581. These transactions were reflected in a Form 4 filing by the Group Members on September 11, 2007. The "Acquired Shares" and the "September Sales" to be jointly and severally defined as the "Transactions."

WHEREAS, the Glenhill Defendants, jointly and severally, neither purchased nor sold any other SMBL security, whether common or preferred stock, within six months of May 21, 2007, other than those shares included in the Transactions.

WHEREAS, certain of the Glenhill Defendants deny a direct or indirect pecuniary interest in the SMBL common stock and preferred stock described above.

WHEREAS, on November 9, 2007, Smart Balance filed a civil action against the Glenhill Defendants in the United States District Court, Southern District of New York, styled *Smart Balance, Inc. f/k/a Boulder Specialty Brands, Inc. v. Glenhill Capital Overseas Master Fund, LP, et. al*, Case No. 07-CIV-9916 (CM), alleging that the Glenhill Defendants were liable

3

JACK_1306778.5

under § 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78 p (b), for short-swing profits (the "Litigation").

WHEREAS, on January 4, 2008, the Glenhill Defendants filed an answer and affirmative defenses in the Litigation denying liability and alleging that (a) no purchase and sale occurred within six months, (b) that the May, 2007 closing was the closing of a derivative securities position, (c) that the Glenhill Defendants (other than Glenhill Capital) did not have the requisite pecuniary interest, and (d) that Section 16 did not apply to the relevant transactions.

WHEREAS, without admitting or determining any liability whatsoever, and to avoid the uncertainties, expense, and delay inherent in litigation, the Parties desire to provide for a complete resolution of the disputes and potential disputes currently existing between the Parties in connection with the Litigation.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sums of money to be paid hereunder, and for other good and valuable consideration, the receipt and sufficiency of which are hereby expressly acknowledged by the Parties, the parties hereby agree as follows:

## TERMS AND CONDITIONS OF SETTLEMENT

1. Incorporation by Reference. The above-stated Recitals are true and correct and are incorporated herein by this reference.

2. Payment by the Glenhill Defendants. Within ten (10) business days of the Glenhill Defendants' counsel's receipt of this Agreement executed by Smart Balance, as reflected by Federal Express delivery, the Glenhill Defendants shall tender payment to Plaintiff's counsel via check or wire transfer, payable to the "Foley & Lardner LLP Trust Account," a lump sum payment of Two Million Three Hundred Thousand Dollars ($2,300,000) (the "Settlement

Payment") with delivery to Wachovia Bank, N.A. account number # 2115001919290. This lump sum payment shall be held in an interest bearing trust account by Foley & Lardner LLP with Wachovia Bank, N.A. for the benefit of Smart Balance, and all interest shall accrue to and belong to Smart Balance, until such time as an order granting the Joint Motion for Approval of Settlement identified below is entered by the Court or until further agreement in writing by the Parties as affirmed and reflected by the signatures of Kevin Corb for the Glenhill Defendants and Norman Matar for SMBL. In the event the Court denies the Joint Motion for Approval of Settlement identified below, Foley & Lardner LLP shall refund the Settlement Payment and all accrued interest to the Glenhill Defendants within ten (10) business days of said order being finally rendered in which case this Agreement shall be null and void.

3. <u>Joint Motion for Approval of Settlement</u>. Contemporaneously with the tender of the Settlement Payment pursuant to paragraph 2 of this Agreement, the Parties shall file a Joint Motion for Approval of Settlement (the "Joint Motion") (which language shall be agreed upon and a draft of which is attached hereto as **Exhibit A**). The Parties will jointly take such other and further action as may be necessary to obtain Court approval of this Agreement and a dismissal with prejudice of the Litigation. Each of the Parties will bear their respective attorneys' fees and costs in this action up to, and including, the date that an Order is entered pursuant to this paragraph. SMBL shall be fully responsible and liable for and shall, if necessary, indemnify the Glenhill Defendants for any claim for attorneys' fees and costs which arises by or on behalf of any SMBL securities holder, other than the Glenhill Defendants, in connection with the Litigation, including specifically any demands for fees made by Jerrold M. Shapiro, attorney at law.

4.  **DISMISSAL OF LITIGATION.** Within ten (10) business days of the entry of the order granting the Joint Motion contemplated in paragraph 3 above, the Parties shall execute and file a Joint Notice of Dismissal with Prejudice of the Litigation with each of the parties bearing their respective attorneys' fees and costs.

5.  **MUTUAL LIMITED RELEASES.** Effective upon the date the order granting the Joint Motion contemplated in paragraph three above is finally rendered, the Parties hereto mutually and fully release and forever discharge each of the other parties, their successor, parent, affiliated and related entities and their current and former directors, agents, officers, security holders, group members, affiliates, employees, associates, accountants, attorneys, insurers, representatives and any person acting on their behalf, of and from all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, disgorgeable profit, judgments, executions, and demands whatsoever, in law, in equity, or otherwise which the Parties ever had, now have, or which any personal representative, successor, heir or assign of the Parties, hereafter shall or may have, against the other party, for, upon or by reason of any matter, cause or thing whatsoever, which are known or should have been known in the exercise of reasonable care, and whether liquidated or unliquidated, from the beginning of time to the effective date of this Agreement that arise from the Transactions for purposes of Section 16 of the Exchange Act and the Rules promulgated thereunder. This release does not release the Parties from any liability for any transaction, obligation or claim, whether under Section 16 of the Exchange Act or otherwise, that does not arise out of the Transactions.

6

JACK_1308778.6

6.  **No Assignment.** The Parties represent that they have not assigned, sold, alienated, transferred or hypothecated any portion of any claims, demands, causes of action, damages, suits, losses or rights to sue discussed in this Agreement or as alleged in the Litigation to any person or entity and that they are owner and holder of the various rights and obligations at issue in the Litigation.

7.  **Entire Agreement.** The Parties state that this Agreement memorialize the Agreement made on this date and sets forth a complete and final agreement and understanding of the Parties, and that there have been no verbal or written promises or undertakings between the Parties with respect to this Agreement that are not fully and completely set forth herein.

8.  **Preparation of Settlement Agreement.** This Agreement shall not be construed more strongly against any party, regardless of who is responsible for its preparation. The Parties acknowledge that all parties contributed to and are equally responsible for its preparation.

9.  **Binding on Successors.** All the terms and provisions contained herein shall inure to the benefit of and shall be binding upon the Parties hereto and their respective heirs, legal representatives, successors, and assigns.

10. **Governing Law.** This Agreement will be governed by, interpreted and construed under the laws of the State of New York regardless of the domicile of any party, and will be deemed for such purposes to have been made, executed and performed in the State of New York. SMBL (on its own behalf and, to the extent permitted by law, on behalf of its security holders) and the Glenhill Defendants each waive any right to trial by jury in any action, claim, suit or proceeding with respect to this Agreement. Solely for the purpose of enforcing this Agreement the parties submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York, located in the City and County of New York, and irrevocably

agree that all claims in respect of such action, claim, suit or proceeding shall solely and exclusively be determined in such court. The Parties irrevocably and unconditionally waive any objection to the laying of venue of any suit, action or other proceeding in such court relating to this Agreement.

11. <u>Authority</u>. The Parties warrant that they have entered into this Agreement knowingly and voluntarily, and that they have had adequate time to review the contents of this Agreement and consult their attorney concerning the terms and conditions of this Agreement. The Parties and signatories represent and warrant that they have full authority to enter into and execute this Agreement on behalf of the respective entities.

12. <u>Counterpart Execution</u>. This Agreement may be executed in counterparts which may initially be transmitted via facsimile, each of which will be deemed an original document, but all of which will constitute a single document.

12. <u>Notices</u>. All notices, requests, demands, or other communications, including the delivery of a signed Agreement required or permitted to be given under this Agreement ("Notice") shall be in writing and shall either be: (1) personally delivered, (2) mailed by United States mail (first class, registered or certified, return receipt requested, and postage prepaid), or (3) sent by a reputable overnight delivery service such as Federal Express or the United Parcel Service (U.P.S.) to the following addresses:

       Defendants: Daniel S. Cahill
                  Cahill/Wink LLP
                  60 Railroad Place
                  Suite 202
                  Saratoga Springs, NY 12866

       Plaintiff: Norman Matar
                Smart Balance, Inc.
                115 West Century Rd.

      Suite 260
      Paramus, New Jersey 07652-1432

    With a copy to: Scott Richburg
      Foley & Lardner LLP
      One Independent Drive
      Suite 1300
      Jacksonville, FL 32202-5017

  13. **Effective Date of Agreement.** This Agreement shall be deemed effective as of the last date on the signature pages below.

IN WITNESS WHEREOF, the Parties have entered into this Agreement on the dates opposite their respective signatures.

**SMART BALANCE, INC.**, a Delaware corporation

By: _____
Name: NORMAN J. MATAR
Title: EVP, GENERAL COUNSEL
Date: JUNE 9, 2008

**GLENHILL CAPITAL, LP**, a Delaware limited partnership

By: _____
Name: Glenn J. Krevlin
Title: Managing Member
Date: June 23, 2008

**GLENHILL CAPITAL MANAGEMENT LLC**, a Delaware limited liability company and general partner and investment advisor of Glenhill Capital

By: _____
Name: Glenn J. Krevlin
Title: Managing Member
Date: June 23, 2008

**GLENN J. KREVLIN**, managing member and control person of Glenhill Advisors

By: _____

**GLENHILL CAPITAL OVERSEAS MASTER FUND, LP**, a Cayman Islands registered entity

By: _____
Name: Glenn J. Krevlin
Title: Director
Date: June 23, 2008

**GLENHILL CAPITAL OVERSEAS MASTER FUND, GP LTD**, a Cayman Islands registered entity and general partner of Glenhill Overseas Fund

By: _____
Name: Glenn J. Krevlin
Title: Director
Date: June 23, 2008

**GLENHILL ADVISORS LLC**, a Delaware limited liability company and managing member of Capital Management

By: _____
Name: Glenn J. Krevlin
Title: Managing Member
Date: June 23, 2008

10

JACK_1308778.5

Name: _____

Title: _____

Date: _____

11

JACK_1308778.5